IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

JUDGE KATHLEEN CARDONE

| | |
|---|---|
| MARIA RAMIREZ, Individually,<br><br>   Plaintiff,<br><br>vs.<br><br>THE CITY OF EL PASO, TEXAS, a municipal corporation, SGT. ARMATIGE, Individually, and in his official capacity as a police officer with the City of El Paso Department; OFFICER C. ONTIVEROS, BADGE #2027, Individually and in his official capacity as a police officer with the City of El Paso Police Department; OFFICER M. GOMEZ, BADGE #2253, Individually and in his official capacity as a police officer with the City of El Paso Police Department; OFFICER JUAN CAMPOS, BADGE #1875, Individually and in his official capacity as a police officer with the City of El Paso; SGT. P. PACILLAS, BADGE #962, A/K/A SGT. P. PLACILLAS, BADGE #962, Individually and in his official capacity as a police officer with the City of El Paso; and CARLOS LEON, Individually and in his official capacity as Chief of Police of El Paso Police Department at the time of this incident, Jointly and Severally,<br><br>   Defendants. | CAUSE NO. EP-CA-_____<br><br><br>COMPLAINT AND JURY DEMAND<br><br>**EP04CA0245** |

TO THE HONORABLE JUDGE OF SAID COURT:

MARIA RAMIREZ, Individually, by and through her attorney, WILLIAM A. ELIAS, complaining of the CITY OF EL PASO, TEXAS, a municipal corporation (hereinafter called "City"), SGT. ARMATIGE, Individually, and in his official capacity as a police officer with the City of El Paso Department; OFFICER C. ONTIVEROS, BADGE #2027, Individually and in his official capacity as a police officer with the City of El Paso Police Department; OFFICER M. GOMEZ, BADGE #2253, Individually and in his official capacity as a police officer with the City

of El Paso Police Department; OFFICER JUAN CAMPOS, BADGE #1875, Individually and in his official capacity as a police officer with the City of El Paso; SGT. P. PACILLAS, BADGE #962, A/K/A SGT. P. PLACILLAS, BADGE #962, Individually and in his official capacity as a police officer with the City of El Paso; and CARLOS LEON, Individually and in his official capacity as Chief of Police of El Paso Police Department at the time of this incident, Jointly and Severally, (Collectively "Defendants"), and for causes of action respectfully shows the Court as follows:

## I.

## PARTIES

1. Plaintiff **MARIA RAMIREZ** is an individual residing at 4947 Vulcan Way, El Paso, Texas at the time of the incident made the basis of this lawsuit on June 22, 2002.

2. Defendant, **CITY OF EL PASO** is a municipality and political subdivision of the State of Texas, which operates the City of El Paso Police Department and which employed Defendants, SGT. ARMATIGE, OFFICERS C. ONTIVEROS, M. GOMEZ, and JUAN CAMPOS, SGT. P. PACILLAS, A/K/A SGT. P. PLACILLAS, and CHIEF LEON on June 22, 2002.

3. Defendant SGT. ARMATIGE, is an individual residing in El Paso, Texas, and was acting within the course and scope of his employment as a police officer employed by the City of El Paso Police Department at the time of the incident made the basis of this lawsuit on June 22, 2002.

4. Defendant Officer C. ONTIVEROS, BADGE #2027, is an individual residing in El Paso, Texas, and was acting within the course and scope of his employment as a police officer employed by the City of El Paso Police Department at the time of the incident made the basis of this lawsuit on June 22, 2002.

5. Defendant Officer M. GOMEZ, BADGE #2253, is an individual residing in El Paso, Texas, and was acting within the course and scope of his employment as a police officer employed by the City of El Paso Police Department at the time of the incident made the basis of this lawsuit on June 22, 2002.

6. Defendant Officer JUAN CAMPOS, BADGE #1875, is an individual residing in El Paso, Texas, and was acting within the course and scope of his employment as a police officer employed by the City of El Paso Police Department at the time of the incident made the basis of this lawsuit on June 22, 2002.

7. Defendant SGT. P. PACILLAS, BADGE #962, A/K/A SGT. P. PLACILLAS, BADGE #962, is an individual residing in El Paso, Texas, and was acting within the course and scope of his employment as a police officer employed by the City of El Paso Police Department at the time of the incident made the basis of this lawsuit on June 22, 2002. The Official El Paso Police Department records for this incident have two different spellings for this Defendant, both with Badge #962, however.

8. Defendant LEON is an individually residing in El Paso, Texas, and was acting within the course and scope of his employment as the Chief of Police for the City of El Paso Police Department at the time the incident made the basis of this lawsuit, June 22, 2002.

9. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein was negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, which proximately caused injuries and damages to Plaintiff **MARIA RAMIREZ** on June 22, 2002 as more particularly described below.

## II.

## JURISDICTION AND VENUE

10. This is a civil rights and inverse condemnation action arising from the false arrest and false imprisonment of Plaintiff by Defendants on or about June 22, 2002, in El Paso County, Texas, together with the destruction of her home, belongings and contents therein.

11. This action is brought under 42 United States Code Section 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

12. Jurisdiction of the Court is founded upon 28 U.S.C. Sections 1331 and 1343(a)(3) and (4), and the aforementioned statutory and constitutional provisions.

13. Venue is proper in this Court pursuant to 28 U.S.C. Section 1391.

14. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. Section 1367 to hear and decide those claims that arise under the laws and Constitution of the State of Texas.

## III.

## NOTICE REQUIREMENT

15. Notice under Texas Civil Practices and Remedies Code, Section 101.101 is not required, because the Defendants have actual notice of the claims of injury and damage of Plaintiff **MARIA RAMIREZ**. In fact, Defendants videotaped the incident made the basis of this lawsuit and Defendant **SGT. ARMATIGE** was in contact with Defendant **CITY OF EL PASO's** City Attorney's Office during the incident in question.

## IV.

## FACTUAL ALLEGATIONS

16. This is a civil action at law for damages resulting from events or occurrences on June 22, 2002 at Plaintiff **MARIA RAMIREZ's** private property, namely: her home located at 4947 Vulcan Way, El Paso, Texas. The El Paso Police Department's records and reports establish that Defendant **EL PASO POLICE DEPARTMENT Officers C. Ontiveros, Badge #2027, M. Gomez, Badge #2253, and Juan Campos, Badge #1875,** went to Plaintiff **MARIA RAMIREZ's** home located at 4947 Vulcan Way, El Paso, Texas, at 11:30 a.m. asking for Plaintiff **MARIA RAMIREZ's** son, Frank Ramirez, an electrician working in Las Cruces, who lived with Plaintiff **MARIA RAMIREZ**. Apparently, Defendant **EL POLICE DEPARTMENT OFFICERS, C. Ontiveros, M. Gomez, and Juan Campos,** intended to execute a felony warrant on Frank Ramirez, Plaintiff's son.

17. Thereafter, Plaintiff **MARIA RAMIREZ** told Defendant **El Paso Police Department Officer Juan Campos, Badge #1875**, that her son, Frank Ramirez, was working in Las Cruces, and inquired what the matter was about. Defendant **EL PASO POLICE OFFICER Juan Campos** told Plaintiff **MARIA RAMIREZ** that the matter concerned a welfare check.

18. Thereafter, Plaintiff **MARIA RAMIREZ** telephoned her son, Frank Ramirez who was in Las Cruces and told him that the El Paso Police Department was looking for him. At 11:48 a.m. on June 22, 2002, Frank Ramirez telephoned the El Paso Police Department to inquire about this problem and he was told that there were no outstanding warrants.

He subsequently telephoned the El Paso Police Department a second time at 11:57 a.m. on June 22, 2002, and again was told that there were no outstanding warrants.

19. Thereafter, at 18:45 p.m., Defendant **CITY OF EL PASO's** Police Department called Plaintiff **MARIA RAMIREZ's** home and asked Plaintiff **MARIA RAMIREZ** whether her son was at home. Plaintiff **MARIA RAMIREZ** told the El Paso Police Department's Female Officer who was calling that her son, Frank Ramirez was not there, and the El Paso Police Department's Female Officer responded: "Yes, he is, his car is there". In response, thereto, Plaintiff **MARIA RAMIREZ**'s told the El Paso Police Department Female Officer that although his car was there, Frank Ramirez was not at home, to which the El Paso Police Department Officer responded that they have heard Frank Ramirez calling on the telephone from inside her house and that the El Paso Police Department knows that he was at her home at that time.

20. Subsequently, Defendant **EL PASO POLICE DEPARTMENT OFFICERS, C. Ontiveros, M. Gomez and Juan Campos** called for additional units for assistance for the purported reason that Frank Ramirez was at home at 4947 Vulcan Way, and possibly armed with an unknown amount of firearms.

21. Thereafter, Defendant **EL PASO POLICE DEPARTMENT OFFICERS, C.** Ontiveros, M. Gomez and Juan Campos then called Defendant **SGT. ARMATIGE** to come to the scene at 4947 Vulcan Way and "assess the situation." Notwithstanding the fact that Frank Ramirez was in Las Cruces and had been calling Defendant **CITY OF EL PASO's** Police Department and offering to voluntarily surrender if there was a problem, Defendant **SGT. ARMATIGE** called for Defendant **CITY OF EL PASO's** SWAT Team to assist in execution of the felony warrant.

22. Thereafter, Defendant **SGT. ARMATIGE** ordered Plaintiff **MARIA RAMIREZ** out of her house and after putting on her robe, she exited out the back door of her home.

23. When Plaintiff **MARIA RAMIREZ** asked the Defendant **EL PASO DEPARTMENT POLICE OFFICERS** what was going on, they finally told her that they had a Warrant for the arrest of her son, Frank Ramirez.

24. In response, Plaintiff **MARIA RAMIREZ** again told Defendant **EL PASO POLICE DEPARTMENT OFFICERS** that this was not necessary, because her son, Frank Ramirez, would voluntarily surrender, but he was still not at home at 4947 Vulcan Way, El Paso, Texas.

25. At the time Plaintiff **MARIA RAMIREZ** exited her home, she observed approximately seven (7) Officers from the Defendant **CITY OF EL PASO's** SWAT Team, one of whom was pointing an assault rifle at her, together with numerous SWAT trucks and vehicles surrounding her home at 4947 Vulcan Way, El Paso, Texas.

26. Thereafter, one of Defendant **EL PASO POLICE DEPARTMENT OFFICERS** ordered Plaintiff **MARIA RAMIREZ** to come with him and he took Plaintiff **MARIA RAMIREZ**, who was barefoot and in her robe, two blocks down to Atlas Street and ordered Plaintiff **MARIA RAMIREZ** to get into one of Defendant **CITY OF EL PASO'S** police units. When Plaintiff **MARIA RAMIREZ** refused to enter that police vehicle, one of Defendant **CITY OF EL PASO's POLICE OFFICERS** put her in an E.M.S. ambulance instead, without her consent, and ordered her to remain in that E.M.S. ambulance. When Plaintiff **MARIA RAMIREZ** told Defendant **CITY OF EL PASO POLICE OFFICERS** that she wanted to leave, they refused to allow her to leave and continued their unjustifiable seizure of Plaintiff **MARIA RAMIREZ's** for over five (5)

hours in the EMS Ambulance, then later in one of Defendant **CITY OF EL PASO's** police units.

27. Throughout this incident, Plaintiff **MARIA RAMIREZ** repeatedly told Defendants that nobody was at her house and that the house was open. Notwithstanding the fact that the subject of the felony warrant, Frank Ramirez, was in still Las Cruces and had repeatedly called the Defendant **CITY OF EL PASO's POLICE DEPARTMENT**, offering to voluntarily surrender, Defendant **CITY OF EL PASO's** records indicate that: "During the SWAT operation tear gas was deployed into the home at which time a fire ignited the home."

28. In that regard, Defendant **CITY OF EL PASO's** SWAT Team under the direction of Defendant **SGT. P. PACILLAS, BADGE #962, A/K/A SGT. P. PLACILLAS, BADGE #962**, proceeded to yank off the iron rods from the windows and shot tear gas into the house. Defendant **CITY OF EL PASO's** SWAT Team broke one (1) large window and six (6) regular-sized windows, and pulled off the iron rods of four windows, and also shot the front door with a shotgun. At no time did Defendant **CITY OF EL PASO's** SWAT Team arrange for the utilities at Plaintiff **MARIA RAMIREZ's** home to be shut off, prior to the deployment of tear gas and incendiaries, thereby increasing the likelihood that the home would be set on fire.

29. During this time, Defendant **CITY OF EL PASO's Police Officers** continued to yell at Frank Ramirez through megaphones for him to come out, even though he was still in Las Cruces and had been repeatedly calling the Defendant **CITY OF EL PASO's** Police Department from Las Cruces, offering to voluntarily surrender.

30. According to Defendant **SGT. PACILLAS, BADGE # 962, A/K/A SGT. P. PLACILLAS, BADGE # 962**, Defendant **CITY OF EL PASO**'s SWAT Team used tear gas to allow SWAT Team members to advance into Plaintiff **MARIA RAMIREZ**'s home, to: "....stabilize the incident."

31. According to the Fire Marshall's report, "...shortly after SWAT members entered the structure, an orange glow and heat was felt coming towards the location of bedroom #1 as noted by several officers."

32. Defendant **CITY OF EL PASO** and Defendant **CHIEF LEON** were responsible for the inadequate training and supervision of the other Defendants, in connection with this incident more particularly described below.

33. Throughout this entire time, Defendant **CITY OF ELPASO** and Defendant **EL PASO POLICE DEPARTMENT OFFICERS, C. Ontiveros, M. Gomez, Juan Campos** and Defendant **SGT. ARMATIGE** unjustifiably seized Plaintiff **MARIA RAMIREZ** and falsely imprisoned her by ordering her to remain in an E.M.S. ambulance, and thereafter one of Defendant **CITY OF EL PASO**'s Police Units, for five (5) hours, without allowing Plaintiff **MARIA RAMIREZ** to leave, and without her consent, despite Plaintiff **MARIA RAMIREZ**'s repeated requests to be released. Consequently, Plaintiff **MARIA RAMIREZ** was unjustifiably seized and falsely imprisoned by Defendants, for which she hereby sues.

34. Finally, Plaintiff **MARIA RAMIREZ**'s home, belongings and the contents therein sustained substantial fire damage, gunshot damage, and water damage as a result of Defendants' wrongful conduct for which Plaintiff **MARIA RAMIREZ** has not yet been adequately compensated, and for which she hereby sues.

V.

## CAUSES OF ACTION

### A) Violation of Section 17 of Article I of the Constitution of the State of Texas

35. Plaintiff **MARIA RAMIREZ** realleges Paragraphs 1 through 34, above.

36. Defendant **CITY OF EL PASO's** acts referred to in Section IV above, constitute an intentional taking, damaging and destroying of Plaintiff **MARIA RAMIREZ's** home located at 4947 Vulcan Way, El Paso, El Paso County, Texas, for or applied to public use, without adequate compensation having been made, in violation of Section 17 of Article I of the Constitution of the State of Texas, as well as the Fifth and Fourteenth Amendments to the U.S. Constitution.

37. Section 17 of Article I of the Constitution of the State of Texas provides in pertinent part, ". . .No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of the such person..." It is undisputed in this case that Plaintiff **MARIA RAMIREZ** did not consent to the damaging of her home located at 4947 Vulcan Way, El Paso, Texas and the contents therein, as well as her belongings.

38. Moreover, Plaintiff **MARIA RAMIREZ** pleads avoidance of Defendant **CITY OF EL PASO's** expected Affirmative Defense of Immunity, because the Texas Constitution waives governmental immunity from suit and liability for a violation of Section 17 of Article I, namely: the taking, damaging or destruction of property for public use, without adequate compensation.

39. In fact, this lawsuit is remarkably similar to the police misconduct in the Texas Supreme Court decision, which waived governmental immunity for a violation of Section 17, of

Article I of the Texas Constitution, *Steele v. City of Houston* 603 SW2d 786 (Tex. 1980). In that case, the police intentionally fired incendiary devices into a house in an attempt to recapture escaped convicts allegedly hiding in the house, but instead set fire to the house. The City of Houston in *Steele* argued that the actions of its police officers were either negligent and a mistake, or a legitimate exercise of police power, under which the homeowners were not entitled to any compensation. In rejecting such arguments, the Texas Supreme Court held that the police acted intentionally by firing incendiary devices into the house that caused a fire, and accordingly, such actions were **not** negligent or a mistake, or a legitimate exercise of police power. Just as in *Steele*, the actions of Defendants on June 22, 2002, at the occurrence at 4947 Vulcan Way, El Paso, Texas in the deployment of tear gas and incendiaries into Plaintiff **MARIA RAMIREZ's** home, were not negligent or a mistake, or unintended acts, but were purposeful and intentional, and not a legitimate exercise of police power.

40. Finally, Defendant **CITY OF EL PASO**'s acts referred to in Section IV above establish that Defendant **CITY OF EL PASO**, through its Police Department, intentionally entered Plaintiff **MARIA RAMIREZ**'s private land, took Plaintiff **MARIA RAMIREZ**'s private property, namely: her home located at 4947 Vulcan Way, El Paso, Texas and all of its contents, and belongings for public use, or applied to public use. Consequently, **CITY OF EL PASO**'s acts constituted an intentional taking, damaging, or destroying of Plaintiff **MARIA RAMIREZ**'s private property for or applied to public use, without adequate compensation having been made, in violation of Section 17 of Article I of the Texas Constitution, as well as the Fifth and Fourteenth Amendments to the U.S. Constitution, for which Plaintiff **MARIA RAMIREZ** hereby sues.

B) **Fourth and Fourteenth Amendment Violations:  Excessive Force**

41. Plaintiff **MARIA RAMIREZ** realleges Paragraphs 1 through 34, above.

42. The conduct of Defendants, on June 22, 2002 at 4947 Vulcan Way, El Paso, Texas, without justification, violated Plaintiff's right to be free from the use of unnecessary, unreasonable and excessive force and constituted an unlawful and unreasonable seizure of her person in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

43. By the actions and omissions described above, Defendants violated 42 U.S.C. Section 1983, depriving Plaintiff of the following clearly established and well settled constitutional rights as protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

   a. the right to be free from unreasonable searches and seizures, as secured by the Fourth and Fourteenth Amendments.

   b. the right to be free from excessive and unreasonable force, in the course of execution of arrest warrants, as secured by the Fourth and Fourteenth Amendments;

   c. the right to be free from unreasonable use of excessive force as secured by the Fourth and Fourteenth Amendment;

   d. the right to be free from deprivation of life, liberty and property without due process of law as secured by the Fourteenth Amendment;

   e. the right to equal protection of the law as secured by the Fourteenth Amendment.

44. Defendants subjected Plaintiff **MARIA RAMIREZ** to the deprivations of these rights knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or or omissions.

45.  Consequently, Defendants are liable under 42 U.S.C. Section 1983 for the damages proximately resulting from the violation of the Fourth and Fourteenth Amendments, for which Plaintiff **MARIA RAMIREZ** hereby sues.

## C) Fourth and Fourteenth Amendment Violations: Constitutionally Deficient Tactics

46.  Plaintiff **MARIA RAMIREZ** realleges Paragraphs 1 through 34, above.

47.  The tactics employed by Defendants on June 22, 2002 at 4947 Vulcan Way, El Paso, Texas, at the scene of the incident, amounted to and caused the unlawful seizure of Plaintiff **MARIA RAMIREZ**, and the destruction of her home, belongings and contents therein.

48.  These deficient tactics were so reckless and deliberately indifferent to the rights of Plaintiff and others, that these bad tactics caused the totality of circumstances to appear to require the use of force, such as Defendant **CITY OF EL PASO's** SWAT Team, when, in fact, they did not.

49.  Defendants were in complete control of the management of the emerging "totality of circumstances," and had a duty under the Fourth and Fourteenth Amendments to manage the same with objectively reasonable conduct, which they did not.

50.  The deficit tactics and management of the totality of the circumstances amount to a violation of the Fourth and Fourteenth Amendments which culminated in the unjustifiable seizure of Plaintiff **MARIA RAMIREZ** for over five (5) hours and the destruction of her home, belongings and contents therein, for which Plaintiff **MARIA RAMIEZ** hereby sues.

D)   **False Arrest and/or False Imprisonment**

51.   Plaintiff **MARIA RAMIREZ** realleges Paragraphs 1 through 34, above.

52.   Although Plaintiff **MARIA RAMIREZ** repeatedly explained to Defendants that: 1) her son, Frank Ramirez, was not home at 4947 Vulcan Way, El Paso, Texas on June 22, 2002 at the time of the incident; 2) that her son, Frank Ramirez, was in Las Cruces; and 3) that her son, Frank Ramirez, would voluntarily surrender to Defendant **CITY OF EL PASO's** Police Department.

53.   Defendants nevertheless ordered Plaintiff **MARIA RAMIREZ** out of her house and falsely imprisoned her for five (5) hours on June 22, 2002, first in an EMS Ambulance, then in a Police Unit, refusing to allow Plaintiff **MARIA RAMIREZ** to leave such vehicles.

54.   Despite Plaintiff **MARIA RAMIRZ's** repeatedly requests to leave these vehicles, Defendants willfully and intentionally seized Plaintiff **MARIA RAMIREZ** without her consent for over five (5) hours.

55.   Moreover, there was no justification or authority for Defendants to detain Plaintiff **MARIA RAMIREZ** in the subject vehicles for over five (5) hours. Plaintiff **MARIA RAMIREZ** had not committed any criminal offenses; was not in a suspicious place; and there were no circumstances reasonably indicating that she had committed any felony, disorderly conduct, or related offenses, breach of the peace, public intoxication, or any crime of any kind, or that she threatened or was about to do so. In fact, Plaintiff **MARIA RAMIREZ** followed all of the orders and directions of Defendants, and was never charged with any crime whatsoever in connection with the incident made the basis of this lawsuit.

*Complaint and Jury Demand-Page* 14

56. Defendant **CITY OF EL PASO's Police Officers**, committed the unlawful act of false arrest and false imprisonment upon Plaintiff **MARIA RAMIREZ** without justification and without accurate information. As a direct and proximate result of Defendants' conduct described above, throughout this ordeal, Plaintiff **MARIA RAMIREZ** felt frightened, humiliated, anxious, and embarrassed and suffered severe mental anguish. Plaintiff **MARIA RAMIREZ** continues to suffer mental anguish that interferes with her ability to carry out the day-to-day responsibility of life and to enjoy life and reasonably expects to continue to suffer such anguish into the future. In addition, Plaintiff **MARIA RAMIREZ** suffered damage to her reputation as a result of being falsely detained and unjustifiably seized by Defendants for over five (5) hours and being treated like a common criminal in front of all of her neighbors.

57. Finally, Plaintiff **MARIA RAMIREZ** suffered physical discomfort as a result of being unjustifiably seized and detained and falsely imprisoned for over five (5) hours by Defendants, without access to food, water or a bathroom.

58. Consequently, Defendants are liable for damages arising from the false arrest and false imprisonment of Plaintiff by Defendants, under the Fourth and Fourteenth Amendments to the U.S. Constitution for which Plaintiff hereby sues.

E) <u>**Inadequate Training and Supervision**</u>

59. Plaintiff **MARIA RAMIREZ** realleges Paragraphs 1 through 34, above.

60. The unconstitutional actions and/or omissions of Defendant in this cause, were pursuant to the following customs and/or policies of Defendant **CITY OF EL PASO** and Defendant **CHIEF LEON**, which were directed, encouraged, allowed, and/or

ratified by the highest active acting policy makers in the City of El Paso Police Department, including Defendant **CHIEF LEON**, namely:

    a.    to use or tolerate the use of excessive force in connection of the execution of arrest warrants;

    b.    to use unreasonably and unnecessarily aggressive tactics against persons in the execution of arrest warrants, thereby creating situations where police officers are more likely to use substantial physical, excessive and/or unnecessary force in such situations;

    c.    to cover-up violations of constitutional rights by allowing, tolerating, and/or encouraging police officers to file false reports, false statements, obstruct and/or interfere with investigations of unconstitutional or unlawful police conduct, by withholding and/or concealing material information, and ignoring and/or failing to adequately investigate and discipline unconstitutional or unlawful police activity.

    d.    to destroy evidence of violations of constitutional rights, such as the videotapes made on June 22, 2002 at 4947 Vulcan Way, El Paso, Texas, in connection with the subject incident;

    e.    to deploy tear gas and incendiary devices into a person's home, without first arranging for the utilities to be cut of, and when charged with the knowledge that the suspect is not even present in the private home;

    f.    to allow the unjustifiable seizure and false imprisonment of a person in vehicles for over five (5) hours, when such person had not committed any criminal offense; was not in a suspicious place at the time of such detainment; and when there were no circumstances reasonably indicating that such person had committed any felony, disorderly conduct or related offense, breach of the peace, public intoxication, or any crime of any kind, or threatened or was about to do so.

61.    Accordingly, Defendants **CITY OF EL PASO** and Defendant **CHIEF LEON**, failed to properly train, instruct, monitor, supervise, and discipline the Defendant **EL PASO POLICE OFFICERS**, with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

62.    Moreover, the unconstitutional actions and/or omissions of Defendant **EL PASO POLICE OFFICERS**, as described above, were ordered, approved, tolerated and/or

ratified by the highest acting policy making officers of Defendant **CITY OF EL PASO** and by Defendant **CHIEF LEON**.

63. Finally, the aforementioned policies, practices and customs, as well as the failures to properly and adequately train, instruct, monitor, supervise and discipline by Defendant **CITY OF EL PASO** and Defendant **CHIEF LEON**, were a moving force and/or proximate cause of the deprivations of Plaintiff **MARIA RAMIREZ** clearly established and constitutional rights in violation of 42 U.S.C. Section, 1983, for which Plaintiff **MARIA RAMIREZ** hereby sues.

## VI.

## DAMAGES

64. Plaintiff **MARIA RAMIREZ** hereby incorporates paragraphs 1 through 34, above.

65. As a proximate result of the conduct of the Defendants on June 22, 2002, Plaintiff has been damaged as follows:

   a. Loss of earnings.

   b. Loss of Reputation;

   c. Mental anguish;

   d. Loss of enjoyment of life;

   e. Anxiety and Fright;

   f. Humiliation and Embarrassment;

   g. Physical discomfort from being unjustifiably detained and false imprisonment in vehicles for over five (5) years, without access to food, water or a bathroom;

h. All damages recoverable under 42 U.S.C. Section 1983 and Section 1988, and as otherwise allowed under Texas and United States Statutes, Codes, Constitutions and Common Law.

66. Plaintiff was required to seek the services of the undersigned counsel to investigate and present her claims to the Defendants for which she seeks payment of reasonable attorney's fees and costs under 42 U.S.C. Section 1988. In the event that this action is appealed to the U.S. Circuit Court of Appeals, additional sums in the minimum amount of $50,000.00 should be awarded by the Court to the Plaintiff against Defendants individually and severally.

## VII.

## JURY DEMAND

67. Plaintiff hereby demands a jury for the trial of this case.

## VIII.

## CONCLUSION AND PRAYER

68. WHEREFORE, Plaintiff prays that Defendants be cited to appear and that upon final hearing Plaintiff have judgment on these claims in amounts consistent with the jury's determination of fair compensation, plus attorney's fees and costs of court, and other expenses, plus whatever legal or equitable relief the Court may deem appropriate, just and proper as well as:

a. Compensatory damages for the loss of earnings, loss of reputation, mental anguish, loss of enjoyment of life, anxiety, fright, humiliation, embarrassment and physical discomfort, in connection with Plaintiff's unjustifiable seizure and false

imprisonment on June 22, 2002, as well as the destruction of Plaintiff's home, belongings and contents therein.

b. Compensatory damages for the intentional taking, damaging and destroying of Plaintiff's home, belongings and contents thereon on June 22, 2002, at 4947 Vulcan Way, without adequate compensation to date.

c. For attorney's fees and costs under 42 U.S.C. Section 1988; and

d. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ William A. Elias*
WILLIAM A. ELIAS
Attorney for Plaintiff
1100 Montana Avenue, Suite 102
El Paso, Texas 79902
(915) 532-1907
(915) 532-5153 Fax
State Bar No. 06517000